OWEN, WICKERSHAM & ERICKSON, P.C.
MELVILLE OWEN CBN 27374
LAWRENCE G. TOWNSEND CBN 88184
KATHLEEN E. LETOURNEAU CBN 244747
455 Market Street, Suite 1910
San Francisco, California 94105
Telephone:    415.882.3200
Facsimile:     415.882.3232
Email: mowen@owe.com
Email: ltownsend@owe.com
Email: kel@owe.com

Attorneys for Defendant
VINTAGE WINE ESTATES, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JaM CELLARS, INC.,<br><br>            Plaintiff,<br><br>     vs.<br><br>VINTAGE WINE ESTATES, INC.,<br><br>            Defendant. | Case No. 3:17-cv-01133-CRB<br><br>**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Vintage Wine Estates, Inc. ("Defendant"), hereby answers the Complaint filed by Plaintiff JaM Cellars, Inc. ("Plaintiff") as follows:

**JURISDICTION**

1.    Defendant admits the allegations contained in Paragraph 1 of the Complaint.

2.    Defendant admits the allegations contained in Paragraph 2 of the Complaint.

**VENUE**

3.    Defendant admits the allegations contained in Paragraph 3 of the Complaint.

**INTRADISTRICT ASSIGNMENT**

4.    Defendant admits the allegations contained in Paragraph 4 of the Complaint.

## THE PARTIES

5. Defendant is informed and believes that the allegations in Paragraph 5 of the Complaint are true and correct and on that basis admits same.

6. Defendant admits the allegations contained in Paragraph 6 of the Complaint.

## NATURE OF THE CASE

7. With regard to the allegations contained in Paragraph 7 of the Complaint, Defendant admits that JaM purports to own U.S. Trademark Registration No. 3,999,253 for wine, but as to all other allegations and/or characteristics of Plaintiff's claims, Defendant is without sufficient information and on that basis denies same.

## ALLEGATIONS COMMON TO ALL CLAIMS

8. Defendant is informed and believes that the allegations in Paragraph 8 of the Complaint are true and correct and on that basis admits same.

9. Defendant denies each and every allegation in Paragraph 9 of the Complaint.

10. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 10 of the Complaint and therefore denies same.

11. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 11 of the Complaint and therefore denies same.

12. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 12 of the Complaint and therefore denies same.

13. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 13 of the Complaint and therefore denies same.

14. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 14 of the Complaint and therefore denies same.

15. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 15 of the Complaint and therefore denies same.

16. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 16 of the Complaint and therefore denies same.

17. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 17 of the Complaint and therefore denies same.

18. Defendant denies each and every allegation in Paragraph 18 of the Complaint.

19. Defendant denies that it and Kroger together "developed" the two wine brands, and that they decided to trade on the goodwill of Plaintiff's BUTTER wine or to mislead consumers or divert sales from Plaintiff's brand. Based on JaM's definition of "private label," Defendant denies that there is a "private label" arrangement for the subject wine. Defendant admits the remaining allegations in Paragraph 19 of the Complaint.

20. Defendant admits the allegations contained in Paragraph 20 of the Complaint.

21. Defendant admits the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits the allegations contained in Paragraph 22 of the Complaint.

23. Defendant admits the allegations contained in Paragraph 23 of the Complaint.

24. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of when Plaintiff became aware of Defendant's applications and therefore denies same. Defendant admits the remaining allegations contained in Paragraph 24 of the Complaint.

25. Defendant admits the allegations contained in Paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of when Plaintiff became aware of Defendant's Certificate of Label Approval applications and therefore denies same. Defendant admits the remaining allegations contained in Paragraph 26 of the Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of when Plaintiff learned the matters alleged in the third sentence of Paragraph 27 and therefore denies same. Defendant admits the remaining allegations contained in Paragraph

27 of the Complaint.

28. Defendant admits the allegations contained in Paragraph 28 of the Complaint.

29. Defendant admits that the approved label drops the word "wines" and splits" Butterknife" into two words. Defendant denies the remaining allegations contained in Paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to what Plaintiff was told by Kroger and therefore denies the allegations in Paragraph 30 of the Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Complaint, except that Defendant admits that it was on statutory and actual notice of Plaintiff's claimed trademark.

32. Defendant admits the allegations contained in Paragraph 32 of the Complaint that Vintage has used the BUTTER BOMB and BUTTER KNIFE marks in commerce. As to the allegation that "Kroger has confirmed," Defendant is without sufficient knowledge or belief and on that basis denies the allegation.

33. Defendant admits the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies the allegations contained in Paragraph 34 of the Complaint, except that Defendant admits that the parties' labels are used on chardonnay wine produced from California grapes.

35. Defendant admits the allegations contained in Paragraph 35 of the Complaint that the BUTTER BOMB and BUTTER KNIFE marks will be sold in the same channels of trade to the same general class of consumers. As to the remaining allegation that the wines will be sold in the same Kroger stores, Defendant states that the BUTTER BOMB wine will be sold in Kroger stores and BUTTER KNIFE wine will not.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies the allegations contained in Paragraph 42 of the Complaint.

## CLAIM ONE

43. Defendant incorporates by reference all of the foregoing allegations and averments of its answer to the Complaint.

44. Defendant admits the allegations contained in Paragraph 44 of the Complaint, except that Defendant denies that Plaintiff has priority in the BUTTER BOMB or BUTTER KNIFE trademarks.

45. Defendant admits that the parties' trademarks are used on California Chardonnay wine and would be sold and promoted to the same consumers in the same channels of trade. Defendant denies the remaining allegations contained in Paragraph 45 of the Complaint.

46. Defendant denies the allegations contained in Paragraph 46 of the Complaint.

47. Defendant denies the allegations contained in Paragraph 47 of the Complaint.

## CLAIM TWO

48. Defendant incorporates by reference all of the foregoing allegations and averments of its answer to the Complaint.

49. Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50. Defendant denies the allegations contained in Paragraph 50 of the Complaint.

51. Defendant denies the allegations contained in Paragraph 51 of the Complaint.

52. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

## CLAIM THREE

53. Defendant incorporates by reference all of the foregoing allegations and averments of its

answer to the Complaint.

54. Defendant denies the allegations contained in Paragraph 52 of the Complaint.

55. Defendant is without knowledge or information sufficient to form a belief as to the truthfulness of the allegations in Paragraph 55 of the Complaint and therefore denies same.

56. Defendant denies the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies the allegations contained in Paragraph 58 of the Complaint.

## CLAIM FOUR

59. Defendant incorporates by reference all of the foregoing allegations and averments of its answer to the Complaint.

60. Defendant denies the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies the allegations contained in Paragraph 62 of the Complaint.

## CLAIM FIVE

63. Defendant incorporates by reference all of the foregoing allegations and averments of its answer to the Complaint.

64. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

## CLAIM SIX

65. Defendant incorporates by reference all of the foregoing allegations and averments of its answer to the Complaint.

66. Defendant denies the allegations contained in Paragraph 64 of the Complaint.

## PLAINTIFF'S PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief requested in Paragraphs 1-8 of Plaintiff's Prayer for Relief.

## AFFIRMATIVE DEFENSES

In asserting the following affirmative defenses, Defendant does not thereby intend to shift any burden of proof where such burden is Plaintiff's.

### FIRST AFFIRMATIVE DEFENSE

1. As a first affirmative defense, Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff's Trademark is diluted and therefore not entitled to a broad scope of protection. The term "butter" is diluted as a trademark both alone and as an element of a compound or composite trademark in association with alcoholic beverages, particularly wine, and is therefore weak. Plaintiff's alleged rights extend no further than to the exact mark which Plaintiff alleges it owns. Plaintiff's Trademark is diluted and cannot be considered distinctive. Plaintiff adopted a weak mark which has remained and will remain diluted, therefore there can be no impairment or harm to Plaintiff's Trademark due to Defendant's use and registration of Defendant's Trademarks.

### SECOND AFFIRMATIVE DEFENSE

2. As a second affirmative defense, Plaintiff's claims are barred, in whole or in part, on the basis that Plaintiff has not and will not suffer any injury or damage from the use or registration of Defendant's Trademarks. There is no likelihood of consumer confusion, mistake or deception between Plaintiff's Trademark and Defendant's Trademarks when considered in their entireties. Plaintiff does not allege and cannot establish substantially exclusive use of the word "butter" for wine, as evidenced by the wide-spread registration on the U.S. trademark register and use in commerce of BUTTER-formative marks for wine. Plaintiff has elected to adopt a weak and diluted mark. Accordingly, Plaintiff's Trademark should only be afforded a narrow scope of protection. In the context of this wide-spread use of BUTTER-formative marks, Defendant's Trademarks are distinct from Plaintiff's Trademark and consumers are accustom to differentiating the source of products and services that are marketed under BUTTER-formative brands. Any similarity between the Defendant's Trademarks and Plaintiff's Trademark is restricted to the non-distinctive "butter" portion of the marks. Accordingly, Defendant's Trademarks, when used on and in association with Defendant's goods, is not likely to cause

confusion, mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods by Plaintiff. Therefore, there can be no impairment or harm to Plaintiff's Trademark due to Defendant's use and registration of Defendant's Trademarks and Defendant's Trademarks are capable of peacefully coexisting with Plaintiff's Trademark as well as the other BUTTER-formative marks on the U.S. Register and in use in commerce for wine.

### THIRD AFFIRMATIVE DEFENSE

3.   As a third affirmative defense, Plaintiff's Complaint, and each and every cause of action therein, fails to state a claim upon which relief may be granted.

### CONCLUSION

WHEREFORE, Defendant prays for a judgment and order as follows:

1. Dismissing with prejudice the entirety of Plaintiff's Complaint and each of the causes of action stated therein and ordering that Plaintiff take nothing by its Complaint;

2. Awarding Defendant its damages, costs, investigative expenses and attorneys' fees in defending this action; and

3. Awarding Defendant such other and further relief as the Court may determine to be just and proper under the circumstances.

Dated:                                     Respectfully submitted,
                                           OWEN, WICKERSHAM & ERICKSON, P.C.

                                           By:_____
                                           Melville Owen
                                           Lawrence G. Townsend
                                           Kathleen E. Letourneau

                                           Attorneys for Defendant
                                           VINTAGE WINE ESTATES, INC.

**DEMAND FOR JURY TRIAL**

Defendant Vintage Wine Estates, Inc. hereby requests a jury trial in this matter.

Dated:                                                                OWEN, WICKERSHAM & ERICKSON, P.C.

By:_____
Melville Owen
Lawrence G. Townsend
Kathleen E. Letourneau

Attorneys for Defendant
VINTAGE WINE ESTATES, INC.